PATRICK A. COCKEY, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Cockey v. Commissioner
Docket No. 5852-77.
United States Tax Court
T.C. Memo 1983-609; 1983 Tax Ct. Memo LEXIS 182; 46 T.C.M. (CCH) 1564; T.C.M. (RIA) 83609; September 27, 1983. *182 Petitioner was a 50-percent shareholder of Champs Outboard Sales and Service, Inc., while his former spouse owned the remaining 50 percent. In 1975 a Maryland divorce court appointed petitioner's wife as the receiver of the corporation. The assets of the corporation were subsequently sold in early 1976 and petitioner's one-half interest in the corporation was transferred to his wife in satisfaction of her marital rights in October of 1976. Respondent thereafter determined a deficiency against the transferor corporation. Held, petitioner is liable as a transferee for the income tax due from the transferor corporation for the taxable year 1973. The relief of indebtedness petitioner received pursuant to the property settlement agreement with his former spouse constituted a constructive distribution from the transferor corporation to him which rendered the corporation insolvent. Patrick A. Cockey, pro se. J. Carlton Howard, Jr., for the respondent. STERRETT
MEMORANDUM FINDINGS OF FACT AND OPINION STERRETT, Judge: By statutory notice dated March 8, 1977, respondent determined that petitioner, as transferee of the assets of Champs Outboard Sales and Service, Inc., is liable for a deficiency in corporate income tax of Champs Outboard Sales and Service, Inc., in the amount of $3,208.52 for the taxable year 1973. The issues for decision are (1) *185 whether Champs Outboard Sales and Service, Inc., transferor, should be denied certain business expense deductions due to an alleged overstatement of total purchases for 1973; (2) whether certain travel expenses claimed by transferor corporation should be disallowed for failure to substantiate; and (3) whether petitioner is liable as a transferee for any resulting income tax deficiency of the transferor corporation. FINDINGS OF FACT Some of the facts have been stipulated and are so found. The stipulation of facts and exhibits attached thereto are incorporated herein by this reference. Petitioner, Patrick A. Cockey, resided in Bowie, Maryland at the time of filing the petition herein. Petitioner was 50-percent shareholder of Champs Outboard Sales and Service, Inc.; while his former spouse, Gladys Cockey, owned the remaining 50 percent of the corporation's stock. Champs Outboard Sales and Service, Inc. (hereinafter Champs Outboard), transferor, timely filed its corporate Federal income tax return for the year ended December 13, 1973, with the Internal Revenue Service at an undisclosed location. Champs Outboard was a retail boat sales company in Edgewater, Maryland. On its *186 1973 income tax return, Champs Outboard claimed total purchases of boats in the amount of $395,094.28. Upon examination of the return, respondent discovered that several boats had been included in purchases twice and that other boats had been omitted from purchases. Respondent determined that total purchases during 1973 were $386,211.04, or $8,883.24 less than the amount of purchases shown on the corporation's return. Champs Outboard also deducted $1,062.75 in travel expenses that were challenged by respondent. Petitioner provided no substantiation for these expenses during trial. In September 1974, petitioner and his wife separated. Sometime after September 1974 and before May 1975, petitioner removed approximately $13,000 in cash and an automobile worth $5,100 from Champs Outboard. Gladys Cockey sued petitioner for a divorce in the Circuit Court for Anne Arundel County. During the pendency of the divorce action, the state court enjoined petitioner from spending any monies or disposing of any property of Champs Outboard other than that which was absolutely essential to the operation of the business. The state court also ordered petitioner to account to his former wife *187 for all income received by him as a stockholder, director, officer, or employee of the corporation for the years 1973 through 1975. Additionally, by order dated May 23, 1975, the state court appointed Gladys Cockey as the receiver for Champs Outboard. On February 4, 1976, the state court approved the sale of the assets of the corporation for $50,000. The net proceeds from this sale, after expenses and payment of debts, totaled $38,205.01. By order dated May 36, 1976, the court permitted Gladys Cockey to withdraw $19,102.51 from the corporation, representing her one-half of the net sales proceeds. On October 4, 1976, petitioner and his former spouse entered into a property settlement agreement pursuant to the divorce action. This agreement stated that petitioner owed various amounts of money to Gladys Cockey as a result of his failure to pay child support from April 1975 to the date of the agreement. It was also acknowledged therein that certain corporate assets had been reduced to the possession and control of petitioner without the permission of Gladys Cockey. In recognition of these and other obligations, petitioner agreed to assign to his exwife his right, title, and *188 interest in the remaining proceeds from the sale of the assets of Champs Outboard. Specifically, petitioner's rights to the remaining sales proceeds were to be considered as payment for child support arrearages totaling $3,360, Gladys Cockey's one-half share of a bank account containing a balance of $16,862.38 at the time it was closed out by petitioner, and Gladys Cockey's one-half interest in certain bonds purchased in 1974 for approximately $16,000. In further consideration for the receipt of petitioner's rights to the proceeds of the sale, Gladys Cockey waived any and all claims for alimony or support. In his notice of deficiency to Champs Outboard, respondent disallowed $1,062.75 in claimed travel expense deductions and reduced the purchases stated on the corporate return by $8,883.24. This resulted in an income tax deficiency for the corporation of $3,208.52 for the taxable year 1973. In his notice of transferee liability mailed to petitioner, respondent determined that petitioner was liable for the corporate deficiency as a transferee of the corporation. OPINION The ultimate issue for decision in this case is whether petitioner is liable as a transferee to the extent *189 of $3,208.52, or in any amount, for income tax asserted by respondent against Champs Outboard for the taxable year 1973. However, before we address that question, we must first decide two substantive issues: (1) whether Champs Outboard's deduction for cost of goods sold was overstated during the taxable year 1973; and (2) whether travel expenses of $1,062.75 claimed by Champs Outboard should be disallowed for failure to substantiate such deductions. The basic facts pertaining to both issues are as follows. In 1975 a Maryland divorce court appointed petitioner's wife as the receiver for Champs Outboard, at which time all of the corporation's books and records were apparently turned over to her. The assets of the corporation were subsequently sold in early 1976 and petitioner's one-half interest in the corporation was transferred to his wife in satisfaction of her marital rights in October of 1976. Thereafter, respondent determined the alleged deficiency against the transferor corporation and issued a notice of transferee liability to petitioner as transferee of such corporation. With respect to the first issue, during the audit of Champs Outboard's 1973 return the revenue *190 agent determined that certain purchases were not accounted for on Schedule A of Form 1120 while other purchases were mistakenly counted twice. The agent used the accrual method of accounting to determine that the total amount of goods purchased was $386,211.04 rather than the reported amount of $395,094.28. This change resulted in a deduction for cost of goods sold which was $8,883.24 less than the amount deducted on the corporation's tax return. Petitioner has not presented any evidence in rebuttal of the accuracy of the computations conducted by respondent. However, he claims that, although the corporation's books and records were kept on an accrual basis of accounting for financial purposes, for tax purposes the business was operated under a cash basis of accounting. He thus claims that the differing results obtained through the use of the two methods of accounting accounts for the $8,883.24 discrepancy between the purchases shown on the corporation's tax return and respondent's calculations on audit. Section 446(c) outlines four permissible methods of accounting which may be used to compute taxable income: "(1) the cash receipts and disbursement method; (2) an accrual method; *191 (3) any other method permitted by this chapter; or (4) any combination of the foregoing methods permitted under regulations prescribed by the Secretary." However, despite this flexibility which the statute allows in choosing a method of accounting, section 446(a) provides that "[t]axable income shall be computed under the method of accounting on the basis of which the taxpayer regularly computes his income in keeping his books." Thus, since the transferor corporation used the accrual method of accounting in keeping its books and records, it should have also used that method to compute taxable income for tax purposes. Furthermore, section 1.446-1(c)(2), Income Tax Regs., requires that: "In any case in which it is necessary to use an inventory the accrual method of accounting must be used with regard to purchases and sales * * *." Section 1.471-1, Income Tax Regs., provides that the use of inventories at the beginning and end of each year is required in every case in which the production, purchase, or sale of merchandise is an income-producing factor. In the instant case, the transferor corporation was a retail boat sales company. In such business, sales of merchandise were easily *192 the most significant income-producing factor. The transferor corporation was thus required to use inventories which accounted for a substantial portion of the corporation's total assets. We therefore find that the transferor corporation should have properly been on the accrual method of accounting for tax purposes. Sec. 1.446-1(c)(2), Income Tax Regs. Accordingly, since petitioner failed to introduce any evidence contradicting respondent's calculations of the transferor corporation's purchases based on the accrual method, we hold that petitioner has failed to carry his burden of proof with respect to this issue. [1]
*193 The second preliminary issue is whether the transferor corporation is entitled to a travel expense deduction of $1,062.75 that it claimed on its tax return for 1973. Section 162(a) allows a deduction for all ordinary and necessary expenses paid or incurred during the taxable year in carrying on any trade or business. Petitioner has the burden of proving that respondent's determinations are erroneous. Welch v. Helvering,290 U.S. 111 (1933); Rule 142(a), Tax Court Rules of Practice and Procedure. Furthermore, section 274(d) imposes strict substantiation requirements in the case of certain types of expenditures otherwise deductible under section 162 that must be satisfied before a deduction is allowed. Specifically, section 274(d) provides that no deduction shall be allowed for any traveling expenses, entertainment expenses, or for any expense for gifts unless the taxpayer-- substantiates by adequate records or by sufficient evidence corroborating his own statement (A) the amount of such expense or other item, (B) the time and place of the travel, entertainment, amusement, recreation, or use of the facility, or the date and description of the gift, (C) the business *194 purpose of the expense or other item, and (D) the business relationship to the taxpayer of persons entertained, using the facility, or receiving the gift. * * * In the instant case, petitioner was unable to substantiate the travel expense deduction of the transferor corporation disallowed by respondent. At trial, petitioner, who represented himself, repeatedly stated that he had not had access to the records of the corporation since the time of the court order which required him to turn over all assets of the corporation to his wife. He further alleged that the books and records of the transferor corporation were seized by respondent during the audit and that they remained in the hands of respondent up until and including the time of the trial. Accordingly, petitioner contended that he lacked the means to rebut respondent's determination. Under section 6902(b), a transferee of property of a taxpayer upon application to Court has the right to a preliminary examination of the taxpayer-transferor's books and records. Upon such application, the statute provides that this Court may require by subpoena the production of all such books, papers, documents, correspondence, and other *195 evidence which in this Court's opinion is necessary to enable the transferee to ascertain the liability of the taxpayer. Since petitioner in the instant case was representing himself, this Court, on its own volition, approached petitioner and advised him of his right to make an application under section 6902(b); however, petitioner has failed to make any such application within the time limits established by this Court. We therefore find that petitioner has waived his rights under section 6902(b). Accordingly, since petitioner has failed to introduce any evidence substantiating the disputed travel expense deduction as required by section 274(d), we uphold respondent's disallowance of the transferor corporation's claimed travel expense deduction of $1,062.75. Having resolved these substantiation issues and having upheld respondent's asserted deficiency against the transferor corporation, we now must decide whether petitioner is liable for such deficiency as a transferee of the assets of the said corporation. Section 6901 provides a method of collecting from a transferee amounts owed for tax deficiencies of the transferor. However, whether or not petitioner is so liable depends *196 on the law of the State of Maryland in which the transfers took place. Fibel v. Commissioner,44 T.C. 647, 657 (1965). Respondent has the burden of proving the liability of petitioner as a transferee; that is, he must establish all the facts necessary to indicate liability, at law or in equity, on the part of the transferee. Sec. 6902(a). In order to sustain his burden here respondent must show by competent evidence (1) that $3,208.52, or some other amount, belonging to Champs Outboard was transferred to petitioner without consideration; (2) that Champs Outboard was insolvent at the time of, or rendered insolvent by, such transfer, or that the transfer was in fraud of creditors; and (3) that respondent has made every reasonable effort to collect the taxes from the transferor corporation. Kreps v. Commissioner,42 T.C. 660, 669 (1964), affd. 351 F.2d 1 (2d Cir. 1965). The relevant Maryland statute is Maryland's Uniform Fraudulent Conveyances Act, Md. Ann. Code, Commercial Law, section 15-204 (1975), which provides as follows: Sec. 15-204. Conveyance by insolvent. Every conveyance made and every obligation *197 incurred by a person who is or will be rendered insolvent by it is fraudulent as to creditors without regard to his actual intent, if the conveyance is made or the obligation is incurred without a fair consideration. (An. Code 1957, art. 39B, sec. 4; 1975, ch. 49, sec. 3.) The sale of the assets of Champs Outboard pursuant to the court-ordered receivership followed by the distribution of the proceeds from such sale to petitioner's wife clearly rendered the corporation insolvent since it had no sufficient means to pay its debts, including the tax liability in question in this case. Furthermore, Champs Outboard did not receive any consideration from its shareholders in exchange for the distribution of the sales proceeds. Nevertheless, petitioner argues that he is not a transferee of Champs Outboard in the present case since he never received the proceeds from the sale of the assets of the transferor corporation. He further claims that he accepted cash and assets of approximately $18,000 for his stock in the transferor corporation between September and December 1974 and that thereafter his former spouse was the sole shareholder of the corporation. At first blush petitioner's *198 arguments seem appealing since Gladys Cockey appears to have been the sole transferee of the proceeds from the sale of Champs Outboard's assets during 1976. However, although petitioner did not actually receive any cash from the transferor corporation during 1976, he was relieved of his indebtedness to his former spouse in exchange for assigning his one-half interest in the sales proceeds to her. It is well settled that, where a corporation instead of making a distribution to a stockholder pays a debt of such stockholder, such transaction shall be treated the same as if the corporation made a distribution to its stockholder who then utilizes such distribution to satisfy his debt. Wall v. United States,164 F.2d 462, 464 (4th Cir. 1947). In the instant case, the relief of indebtedness of petitioner to his former spouse pursuant to their property settlement agreement constituted a constructive distribution to petitioner, probably to the extent of $19,102.51 representing his one-half interest in sales proceeds of the transferor corporation, but certainly to the extent of the deficiency sought herein plus accrued interest. Accordingly, we hold that petitioner is liable *199 as a transferee under section 6901 for the entire income tax deficiency of the transferor corporation. Accordingly, Decision will be entered for the respondent.
Footnotes
1. In upholding this adjustment, we note that, if the transferor corporation did indeed use the cash method of accounting for tax purposes, then any differences in income resulting from the two methods of accounting should be strictly a matter of timing. Thus, the transferor corporation may have had some years where its cost of goods sold was understated, thus overstating its income for such years. However, we have only one tax year before us and are therefore powerless to provide the transferor corporation or petitioner with any corresponding adjustment.↩